IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENT CAMPBELL f/k/a/ BRENT
CAMPBELL TILLMAN,

       Plaintiff,

                          CIVIL ACTION NO.

v.                     1:10-cv-3657-JEC

BANK OF AMERICA, N.A.[1],

       Defendant.

## ORDER AND OPINION

This case is presently before the Court on defendant's Motion
for Summary Judgment [12], plaintiff's Motion for Leave to File an
Amended Complaint [15], and plaintiff's Motion for Partial Summary
Judgment [18].  The Court has reviewed the record and the arguments
of the parties and, for the reasons set out below, concludes that
defendant's Motion for Summary Judgment [12] is **DENIED**, plaintiff's
Motion for Leave to File an Amended Complaint [15] is **GRANTED**, and
plaintiff's Motion for Partial Summary Judgment [18] is **DENIED**.

---

[1] Plaintiff's Complaint [1] names "Bank of America Corporation"
as the defendant.  Plaintiff has filed an unopposed motion for leave
to file an amended complaint naming "Bank of America, N.A." as the
proper defendant.  Plaintiff's Motion for Leave to File Plaintiff's
Amended Complaint [15] is **GRANTED.**

## BACKGROUND

This case arose from the foreclosure of plaintiff Brent Campbell's residence, otherwise known as 9074 Jenni Circle, Jonesboro, Georgia (the "Property"). On August 11, 1997, plaintiff's now ex-husband, Louis E. Tillman, obtained a warranty deed for the Property from a builder. (Def.'s Statement of Material Facts ("DSMF") [12] at ¶ 1.)[2] On or about the same date, Mr. Tillman transferred a security interest in the Property to NationsBanc Mortgage Corporation for a loan. (*Id.* at ¶ 3.) Also, on or about August 11th, Mr. Tillman issued a deed to plaintiff, granting her a tenancy with right of survivorship to the Property. (Pl.'s Statement of Material Facts ("PSMF") [18] at ¶ 3.) Plaintiff was neither a party to the security deed nor a party to the initial warranty deed from the builder. (DSMF [12] at ¶¶ 2, 4.)

---

[2] Plaintiff did not respond to defendant's statement of material facts in the manner required by the Local Rules and these facts are deemed admitted. *See* LR 56.1(B)(2)(a)(2), NDGa. Although failing to respond to defendant's facts, plaintiff has submitted a statement of material facts in support of her own partial motion for summary judgment that covers much of the same territory. Plaintiff's failure to comply with the Local Rules puts the Court in the unnecessarily complicated position of having to pit defendant's admitted facts against the plaintiff's independent statement of material facts to rule on defendant's motion for summary judgment. *See Reese v. Herbert*, 527 F.3d 1253, 1267-9 (11th Cir. 2008)(where facts are deemed admitted court must still review defendant's citations to the record to "determine if there is, indeed, no genuine issue of material fact.").

AO 72A
(Rev.8/82)

A few years later, plaintiff and Mr. Tillman obtained a divorce. On June 26, 2001, the Clayton County Superior Court entered a final divorce decree ordering that the Property be "listed with a licensed real estate agent immediately, be sold as soon as possible, all mortgages and costs of the sale to be paid off in full, and the net proceeds remaining be divided equally between [Plaintiff and Louis Tillman] at closing." (*Id.* at ¶ 7.)  Plaintiff and Tillman never complied with the divorce decree.  (*Id.*)  Instead, plaintiff apparently remained in the home, but never assumed the loan on the Property. (*Id.* at ¶ 5; Campbell Am. Aff. [22] at ¶ 7.)  On or about February 3, 2009, defendant[3] foreclosed on the Property.  (Deed Under Power, attached to Def.'s Mot. for Summ. J. ("DMSJ") [12] at Ex. 4.)

Plaintiff claims that defendant wrongfully foreclosed on the Property because it failed to provide plaintiff with required statutory notice of foreclosure, failed to advertise the foreclosure, and sold the property for less than the true or fair market value of the Property.  (Pl.'s Compl. [1] at ¶¶ 14-16.)  She also seeks punitive damages, attorney's fees, and compensation for mental anguish.  Defendant moves for summary judgment on all counts.

---

[3] The record is silent about the transfer of any interest from the NationsBanc Mortgage Corporation to defendant.  The Court assumes, as the parties apparently have done, that defendant obtained the same rights held by NationsBanc Mortgage Corporation with respect to the deed to secure debt.

3

Plaintiff moves for partial summary judgment on its claim that defendant wrongfully foreclosed on the Property by failing to give proper notice of the foreclosure sale.

## DISCUSSION

### I. SUMMARY JUDGMENT

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden to show the district court, by reference to materials in the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this initial burden is not satisfied, the motion must be denied and the court need not consider any showing made by the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). If the movant satisfies this initial responsibility, the nonmoving party then bears the burden to show the existence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Where the movant bears the burden of proof on an issue, the movant "must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick*, 2 F.3d at 1115. Where

4

the nonmovant bears the burden of proof, the moving party need only show the absence of evidence to support the nonmovant's case, or affirmative evidence demonstrating that the nonmovant will be unable to prove their case at trial. *Id.* at 1115-1116. The court must view all evidence and draw all reasonable inferences in favor of the nonmoving party. *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005).

There is no "genuine" issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The substantive law will determine which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## II. APPLICABLE LAW

Defendant moves for summary judgment on plaintiff's claim for wrongful foreclosure on the grounds that defendant owed plaintiff no legal duty to provide notice of the foreclosure, and, even if it did, defendant complied with its necessary obligations. In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. *Gregorakos v. Wells Fargo Nat'l*

5

*Ass'n*, 285 Ga. App. 744, 747 (2007)(citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)). O.C.G.A. § 44-14-162.2(a) imposes an obligation on a secured creditor exercising foreclosure under power of sale to give written notice "to the debtor...no later than 30 days before the date of the proposed foreclosure." A bank's failure to provide proper notice is a breach of the duty to fairly exercise the power of sale and may support a claim for wrongful foreclosure. *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 286 (1994)("The bank's failure to provide proper notice constituted a breach of the duty to fairly exercise the power of sale created by § 23-2-114.")

Defendant argues that it owed plaintiff no duty to provide notice because plaintiff had no cognizable legal interest in the property, or, in other words, was not a "debtor" within the meaning of O.C.G.A. § 44-14-162.2(a). Where, as here, "the property encumbered by the...security deed...has been transferred or conveyed by the original debtor, the term 'debtor' shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice" of the foreclosure. O.C.G.A. § 44-14-162.1. An individual may only be considered a debtor under the above section if the property is used as a dwelling place by the debtor at the time the security deed is

6

entered into. *Ray v. Atkins*, 205 Ga. App. 85, 88 (1992)(notice requirement "applies only to the exercise of a power of sale of property all or part of which is to be used as a dwelling place by the debtor at the time the mortgage, security deed, or lien contract is entered into.").

Mr. Tillman's quitclaim transfer of a joint tenancy with right of survivorship rendered plaintiff a joint owner of the Property. Their joint ownership was also reflected in tax records. (PSMF [18] at ¶ 9.) In light of this evidence, defendant rightly admits that it knew about plaintiff's interest in the Property, prior to the foreclosure. (Pl.'s Reqs. to Admit [14] at ¶ 5, attached to Pl.'s Resp. to DMSJ at Ex. A.) It also appears that the Property was plaintiff's dwelling place at the time the security deed was issued, as well as at the time of foreclosure. (*See* Campbell Am. Aff. [22] at ¶ 7 (claiming she was "evicted" when foreclosure occurred).)

As such, plaintiff was a "current owner of the property encumbered by the...[security deed]," and her "identity...ha[d] been made known to and acknowledged by the secured creditor." O.C.G.A. § 44-14-162.1. She is thus a "debtor" entitled to notice under the foreclosure statute. *Compare Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 559-60 (2008)(holding that plaintiff was "debtor" where he obtained ownership of property more than one month in advance of foreclosure sale), *and Wright v. Barnett Mortg. Co.*, 226 Ga. App. 94,

7

97 (1997)("As transferee and current owner of the property encumbered by the debt, whose identity was known to the creditor, plaintiff was a 'debtor' within the meaning of O.C.G.A. § 44-14-162.1"), *with Farris v. First Fin. Bank*, ___ Ga. App. ___, No. A11A1799, 2011 WL 6934389 (Dec. 28, 2011)(ex-husband not entitled to notice of foreclosure where he did not obtain quitclaim deed to property before time defendants were required to provide notice of the foreclosure sale).   Defendant's Motion for Summary Judgment [12] on the ground that it owed no duty to plaintiff to provide statutory notice of the foreclosure is therefore **DENIED**.

In the alternative, defendant argues that it provided plaintiff with the required notice.   Notice of foreclosure in Georgia is governed by O.C.G.A. § 44-14-162.2.[4]   This statute provides, in

---

[4]   (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

(b) The notice required by subsection (a) of this Code section

8

relevant part, that notice of a foreclosure must be provided in writing and sent by "registered or certified mail or statutory overnight delivery, return receipt requested." O.C.G.A. § 44-14-162.2. This notice must be provided to the debtor "no later than 30 days before the date of the proposed foreclosure" and is "deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm." *Id.* However, the actual receipt, or want of receipt, is immaterial to the exercise of the power of sale. *Parks v. Bank of N.Y.*, 279 Ga. 418, 419 (2005).

Defendant submits two letters purporting to show that the notice sent to plaintiff was proper. The "First Letter," dated December 11, 2008, was addressed to plaintiff's ex-husband, "in care of" plaintiff, for delivery at an address in Michigan. (Ex. 3, attached to West Aff. [21].) A copy of the notice of sale to be sent to the publisher for advertisement was attached. (*Id.*) There is no evidence that this letter was mailed through any particular medium.

The "Second Letter," dated December 30, 2008, is a notice of foreclosure addressed to plaintiff and her ex-husband jointly at the Property's address. (*Id.* at Ex. 4.) Unlike the First Letter, this letter shows that it was sent via certified mail, with return receipt requested. (*Id.*) The Second Letter had to have been postmarked at

---

shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher.

9

least before January 3, 2009, which is the date upon which the letter was stamped as unclaimed.  The legal advertisement of the foreclosure sale is not attached, however, even though it is mentioned in the body of the Second Letter.

The First Letter cannot demonstrate compliance with the notice requirements because the record does not disclose whether this letter was mailed through any of the permissible forms, as, for example, certified mail with return receipt requested.  The Second Letter, however, was sent via certified mail with return receipt requested and does comply with the statute.  Further, the Second Letter satisfies the timeliness requirement of the statute because it had to have been postmarked before being returned as unclaimed on January 3, 2009.  January 3, 2009 is at least 30 days before the date of the proposed foreclosure on February 3, 2009.

Timeliness aside, plaintiff argues that the notice was deficient because defendant should have sent a separate, individual notice of the foreclosure to plaintiff because it was aware of plaintiff's divorce.  (Pl.'s Reply Br. [22] at 3-4.)  O.C.G.A. § 44-14-162.2, however, does not mandate that each potential owner receive an individually-addressed and mailed notice.  Moreover, the statute provides, quite plainly, that the notice "shall be sent by registered or certified mail..., return receipt requested, to the property address or to such other address as the debtor may designate by

10

AO 72A
(Rev.8/82)

written notice to the secured creditor." O.C.G.A. § 44-14-162.2 (emphasis added). Plaintiff has produced no evidence that she sought, in writing, to have notice sent to another address. *See Farris*, 2011 WL 6934389, at *3 (notice statute satisfied where ex-husband provided no evidence that he made written request for notice to be sent to address other than subject property). The Second Letter bore plaintiff's name and was sent via certified mail, with return receipt requested, to the Property's address. The Court discerns no additional requirements in the notice statute.

Plaintiff also argues that she was prohibited by the United States Postal Inspector from receiving any mail addressed to Louis Tillman. (Pl.'s Reply Br. [22] at 4.) Plaintiff's point is well taken with respect to the First Letter, in which she was a "[care of] addressee." *See United States v. Ashford*, 530 F.2d 792, 797 (8th Cir. 1976)(explaining that "care of" designation does not automatically entitle the "[care of] addressee" to open letter, given a federal statute prohibiting obstruction of the mails). However, the Second Letter is addressed jointly, and the Court is not aware of any rule, state or federal, that prohibits a party from opening mail addressed directly to it, even where another party's name is also present. Moreover, whether plaintiff actually received the notice of

11

foreclosure is immaterial if the requirements of the statute have been met.[5]

To the extent plaintiff is arguing that the above circumstances render statutory notice constitutionally deficient, the Georgia Supreme Court has held that compliance with O.C.G.A. § 44-14-162.2 satisfies due process. *See Parks*, 279 Ga. at 420 (upholding constitutionality of O.C.G.A. § 44-14-162.2's notice requirement against due process challenge). Defendant complied with the procedural requirements of Georgia foreclosure law in mailing plaintiff a timely notice via the Second Letter.

Procedural compliance notwithstanding, plaintiff contends that defendant failed to comply with the substantive requirements of the foreclosure notice statute by failing to attach a copy of the advertisement publishing the notice of sale. (Pl.'s Reply Br. [22] at 5.) Under O.C.G.A. § 44-14-162.2(b), the notice required by section 44-14-162.2 "shall be given by mailing or delivering to the

---

[5] Plaintiff's two preceding arguments are arguably tacit admissions that plaintiff received the notice, but chose not to open them. Indeed, the Court suspects that plaintiff did receive notice of the foreclosure, as she claims to have sent a check to defendant for three months of mortgage payments to prevent the property from going into foreclosure. (Campbell Am. Aff. [22] at ¶ 4.) Actual notice of the foreclosure sale, if proven, would defeat a claim for wrongful foreclosure for want of notice. *McKinney v. S. Boston Sav. Bank*, 156 Ga. App. 114, 115 (1980)("The foreclosure sale was not void for insufficient notice. By receiving actual notice, appellant received more notice than the law required.")

12

debtor a copy of the notice of sale to be submitted to the publisher." The First Letter, addressed to Louis Tillman "care of" Brent Tillman, includes the required notice of sale advertisement. (Ex. 3, attached to West Aff. [21].) As noted above, the First Letter does not, however, include evidence that it was sent by certified mail to plaintiff, as required.

In contrast, the Second Letter was sent via certified mail to plaintiff at the proper address, but does not include the required advertisement even though the letter mentions said advertisement. (*Id.* at Ex. 4.) The failure to demonstrate that plaintiff received, via certified mail return receipt requested, a copy of the advertisement for the notice of sale means that a genuine issues of material fact remains as to whether the notice provided to plaintiff complied with O.C.G.A. § 44-14-162.2. Because a genuine issue of fact remains, defendant's Motion for Summary Judgment [12] is **DENIED**.[6]

Plaintiff has also claimed that defendant conducted a wrongful foreclosure by failing to properly advertise the sale of the property

---

[6] Plaintiff has moved for summary judgment on whether notice was properly given. The same issue of fact regarding inclusion of the advertisement also precludes the grant of plaintiff's Motion for Summary Judgment as well. Plaintiff's Motion for Partial Summary Judgment [18] is therefore also **DENIED.** Further, plaintiff's argument that the foreclosure was wrongful because she was not actually in default is not subject to summary disposition. It is unclear on the present record whether plaintiff's efforts to tender past due payments were sufficient to avoid foreclosure. (*See* Ex. B, attached to Campbell Am. Aff. [22] (tendering check for $1,984.38).)

13

and selling the property below the fair market value. Aside from its initial contention that it owed plaintiff no duty because plaintiff was not a party or assignee of the security deed, defendant submits no authority to show why plaintiff, as a joint owner, cannot bring suit for failure to advertise the property or sell it at fair market value. The Court notes, however, that the sale of the property at below true or fair market value, standing alone, is insufficient to succeed on a claim for wrongful foreclosure. *See Gordon v. S. Cent. Farm Credit, ACA*, 213 Ga. App. 816, 818 (1994)("[i]nadequacy of [the] price paid...will not of itself and standing alone be sufficient reason for setting aside the sale....only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside"); *Aikens v. Wagner*, 231 Ga. App. 178, 180 (1998)(applying same standard in tort action). To the extent it seeks summary judgment on these claims, defendant's motion is **DENIED** as to these claims as well.

Defendant also moves for summary judgment on plaintiff's request for punitive damages, attorneys' fees, and damages for mental anguish. All of these potential damages are available in a suit for wrongful foreclosure. *See Clark v. West*, 196 Ga. App. 456 (1990)(attorneys' fees and compensation for mental anguish available

14

in wrongful foreclosure action as it sounds in tort); *Curl v. First Fed. Sav. & Loan Ass'n*, 243 Ga. 842 (1979)(affirming award for punitive damages in wrongful foreclosure suit); *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449 (2008)("In a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to cancellation of the foreclosure."). The burden to obtain damages for emotional distress is high, however. *DeGolyer*, 291 Ga. App. at 449.

Plaintiff's proffered evidence that she notified defendant about her divorce and interest in the Property, that she paid the debt properly, and that defendant repeatedly ignored her interest in the property could support an award of punitive damages, emotional distress, or attorneys' fees. *Blanton v. Duru*, 247 Ga. App. 175, 175 (2000)(damages for mental anguish upheld where ex-husband executed security deed in favor of business partner and the creditors sought foreclosure on home occupied by plaintiff); *DeGolyer*, 291 Ga. App. at 449-50 (mental anguish damages permitted where creditor proceeded with foreclosure, but foreclosed on wrong tract and defendant lacked any legal description of the property attached to its security deed.) On the present record, defendant's Motion for Summary Judgment [12] on these claims is **DENIED**.

15

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment [12] is **DENIED**, plaintiff's Motion for Leave to File an Amended Complaint [15] is **GRANTED**, and plaintiff's Motion for Partial Summary Judgment [18] is **DENIED.**


SO ORDERED, this <u>12th</u> day of MARCH, 2012.



<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)